IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
                                                          **Case No. 4:89cr4006-WS**
                                                          **Case No. 4:05cv28-WS/WCS**

**STANTON DONOVAN ROBINSON,**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON § 2255 MOTION

Defendant filed a 28 U.S.C. § 2255 motion and supporting memorandum. Docs. 738 and 739. Defendant asserts that his sentence was based on facts not found by a jury beyond a reasonable doubt in violation of, *inter alia*, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. _, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See also* United States v. Booker, __ U.S. _, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005) and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Defendant asserts that he preserved his argument by raising it on direct appeal and by prior § 2255 motion, and alternatively that this argument is raised as an amendment to his appeal or the prior § 2255 motion.

Defendant filed a § 2255 motion seeking relief under Apprendi. Doc. 695. The motion was untimely under the one year limitations period of § 2255, deemed to run from the date his conviction became final rather than the date on which the right was newly recognized, as Apprendi had not been made retroactive on collateral review. Doc. 703. The motion was denied without prejudice to refiling if the right recognized in Apprendi was ever made retroactive. Docs. 703 (report and recommendation), 707 (adopting order), and 708 (judgment entered March 7, 2001).

The Eleventh Circuit subsequently held that Apprendi established a new procedural rule which did not apply retroactively on collateral review. McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001). The Eleventh Circuit has recently determined that Blakely and Booker do not apply retroactively on collateral review. Varela v. United States, __ F.3d __, 2005 WL 367095 (11th Cir. February 17, 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), which concluded that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted). Like the previous motion the current § 2255 motion is untimely; moreover it is now clear that Defendant is not entitled to relief because the cases cited do not apply retroactively on collateral review.[1]

---

[1] That Defendant may have raised a claim on appeal which would have been successful under Apprendi and its progeny does not change the fact that this is now before the court on collateral review under § 2255. That a claim was properly preserved on appeal would benefit Defendant *if* the new rule applied retroactively, however, as the claim would not be procedurally defaulted. Cf. Bousley v. United States, 523 U.S. 614, 619-622, 118 S.Ct. 1604, 1609-11, 140 L.Ed.2d 828 (1998) (citations omitted) (finding that a recent decision applied retroactively but that it was subject to procedural default doctrine).

It is therefore respectfully **RECOMMENDED** that the § 2255 motion (doc. 739), be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2005.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.